IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDMOND DORIAND, as Personal
Representative of the Estate of
KATHLEEN DORIAND, deceased,

    Plaintiff,

v.                                                                                CASE NO. 1:09-cv-00078-MP-AK

CENTOCOR, INC. and
JOHNSON & JOHNSON,

    Defendants.

_____/

# **O R D E R**

This matter is before the court pursuant to document 8, Defendants' Motion to Dismiss, and document 13, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss.

**BACKGROUND**

This cases arises out of Plaintiff's use of a prescription medicine named Remicade®. (Doc. 5, First Amend. Compl.). The Plaintiff alleges that Ms. Doriand received three Remicade® infusions between December 2006 and January 2007 to treat rheumatoid arthritis. (Id.). The Plaintiff also alleges that Ms. Doriand ("the deceased") developed interstitial pneumonitis and died on March 27, 2007. (Id.). Finally, Plaintiff alleges that Remicade® is defective and unreasonably dangerous for its intended purpose and for which there were inadequate warnings, which resulted in severe pain, suffering, and ultimately the death of the deceased. (Doc. 13, p. 1-

2).

In the Amended Complaint, Plaintiff alleges seven causes of action, including (Count I) Negligence-Failure to Warn, (Count II) Strict Liability- Failure to Warn, (Count III) Misrepresentation, (Count IV) Violation of Florida's Deceptive and Unfair Trade Practices Act, (Count V) Wrongful Death, (Count VI) Survival Claim, and (Count VII) Loss of Consortium. Defendant filed a Motion to Dismiss three of Plaintiff's claims: Plaintiff's statutory claim under the Florida Deceptive and Unfair Trade Practices Act (Count IV), the survival claim (within Count V and a separate Count VI), and the loss of consortium claim (Count VII). (Doc. 8, Motion to Dismiss and Strike the First Amended Complaint, in Part).

## DISCUSSION

### Count IV: Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")

Both parties agree that Plaintiff's FDUTPA claim should be dismissed.  (Doc. 8, Motion to Dismiss, p. 5-10; Doc.13, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, p. 3). The Court agrees. (*See* Fla. Stat. § 501.212(3)). Accordingly, Plaintiff's Motion to Dismiss as to Count IV of the Amended Complaint is GRANTED.

### Count V: Wrongful Death, Count VI: Survival

Defendant asserts that Plaintiff cannot bring a survival claim because Plaintiff alleges that the injuries to Ms. Dorian caused her death, and thus the survival claim was terminated by the Florida Wrongful Death statute upon the death of the deceased. (Doc. 8 p. 10-11). Plaintiff argues that although a survival claim and a wrongful death claim are mutually exclusive, Florida

law allows plaintiffs to plead mutually exclusive causes of action in the alternative. (Doc. 13, p. 3-5). Plaintiff asserts that the survival claim is plead in the alternative, and thus is only effective if it is determined that the injuries did not cause the death of the victim. (Id.).

The Wrongful Death Act and the survival statute create distinct and mutually exclusive causes of action under Florida law. (*See* Fl. Stat. 768.20; Fl. Stat. 46.021; *Lohr v. Byrd*, 522 So.2d 845, 846 (Fla. 1988)). Thus, a plaintiff cannot recover damages under both the Wrongful Death Act and the survival statute. It is clear, however, that the Wrongful Death Act did not eliminate survival actions for pain and suffering where it is not alleged that death resulted from the tortious conduct. As the court stated in *Williams v. Bay Hosp. Inc.,* "no provision was made in the Wrongful Death Act or by other enactment for elimination of claims for pain and suffering, or other damages, where it is not alleged that death resulted from the claimed negligence." (471 So.2d 626, 629 (Fla. 1st DCA 1985)).

Florida law also establishes that a Plaintiff's may plead mutually exclusive causes of action in the alternative. Specifically, a Plaintiff may plead in the alternative under the Wrongful Death Act and the survival statute. In *Smith v. Lusk,* the decedent's personal representatives filed a two count complaint to recover damages arising out of the decedent's death. (356 So.2d 1309 (Fla. 2d DCA 1978)). Count one was an action under the survival statute for the decedent's personal injuries and pain and suffering up to the time of her death, which resulted from causes unrelated to the defendant's negligence. Count two was an alternative count under the Wrongful Death Act alleging that the decedent's death was caused directly by the defendant's negligence.

*Case No: 1:09-cv-00078-MP-AK*

Although the facts in that case are therefore not exactly similar to those in the instant case, the court's analysis is helpful in this case:

> "Alternative pleading is a time honored practice. Appellants' complaint classically sets up inconsistent and alternative pleadings; Count I for pain and suffering, for injuries not resulting in plaintiff's death; and in Count II, for those elements of damages allowed by the legislature where the injury resulted in one's death." (Id. at 1311).

Thus, a Plaintiff may simultaneously claim damages in the alternative under both the Wrongful Death Act and the survival statute under Florida law.  Of course, at the time of a verdict or ultimate judgment, the plaintiff may recover under only one theory.

In this case, the Amended Complaint pleads the two counts at issue in the alternative. Paragraphs 89 and 91 of the Amended Compliant state: "[i]n addition to a claim for wrongful death, Plaintiff asserts, <u>in the alternative</u>, a survival claim for all injuries, damages, costs and fees, to the extent allowable by law." (Doc. 5 ¶¶ 89, 91)(emphasis added). Because Plaintiff pleads the mutually exclusive causes of action in the alternative, the pleading is proper under Florida law. Accordingly, Defendant's Motion to Dismiss as to Count VI and V is DENIED.

### **Count VII: Loss of consortium**

In the Motion to Dismiss, the Defendant argues that Count VII should be dismissed because Plaintiff cannot recover damages for loss of consortium under the Wrongful Death Act. (Doc. 8 p. 12-13). Plaintiff counters that the loss of consortium claim is brought in the alternative under the survivor statute, and loss of consortium damages are recoverable under the survivor statute. (Doc. 13 p. 5-6).

Florida's survivor statute allows the recovery of damages for loss of consortium. (*See Fairhurst v. U.S.*, 2009 WL 2190553, *3 (N.D. Fla. 2006)("[t]he claim asserted by plaintiff is properly brought as a survival action...for plaintiff's loss of consortium and services.")).  Here, the loss of consortium claim is plead in the alternative: "[i]n addition to the wrongful death claim set forth above, plaintiff herein asserts, <u>in the alternative</u>, a claim for loss of consortium. (Doc. 6 ¶ 94)(emphasis added). Because the survivor statute allows a plaintiff to recover for loss of consortium, and the claim is plead in the alternative to Plaintiff's wrongful death claim, Defendant's Motion to Dismiss Count VII of the Amended Complaint is DENIED.

It is hereby

**ORDERED AND ADJUDGED:**

(1)    Defendant's Motion to Dismiss as to Count IV is GRANTED

(2)    Defendant's Motion to Strike Count VI and Count V is DENIED

(3)    Defendant's Motion to Dismiss as to Count VII is DENIED

**DONE AND ORDERED** this _5th_ day of January, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge