IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDMOND DORIAND, as Personal
Representative of the Estate of
KATHLEEN DORIAND, deceased,

    Plaintiff,

vs.                                  CASE NO.: 1:09-cv-00078-MP-AK

CENTOCOR, INC. and
JOHNSON & JOHNSON,

    Defendants.
_____/

## STIPULATION AND ORDER OF CONFIDENTIALITY
## ("PROTECTIVE ORDER")

WHEREAS the parties to this Action anticipate that discovery will include documents and information that are sensitive, confidential and proprietary in nature; and

WHEREAS the parties to this Action wish to protect the confidentiality of such documents and information; and

WHEREAS the parties, through their counsel, have stipulated and agreed to give effect to this Stipulation and Order of Confidentiality ("Protective Order") as set forth below to protect the documents and information from use in any manner inconsistent with this Protective Order.

NOW, THEREFORE, IT IS AGREED, STIPULATED AND ORDERED THAT:

1.    This Protective Order applies to all documents produced in the course of discovery, all responses to discovery requests, all deposition testimony, deposition exhibits, and any other materials which may be subject to discovery, including summaries, excerpts and other facsimiles of the original materials (hereinafter "Discovery Material").

2.    a.    The term "Confidential Discovery Material" as used in this Protective

Order means all information produced by the Parties in the course of discovery or other proceedings in this Action when such material contains confidential, proprietary, trade secret, sensitive commercial information, sensitive personal information and/or information protected from disclosure by statute, including:

>   (i) certain proprietary licensing, distribution, marketing, financial, design, development, research, manufacturing and production information regarding competitors or regarding products and medicines, whether previously or currently marketed or under development not publicly filed with any federal or state regulatory agency;
>
>   (ii) certain personal information of a sensitive nature including medical records and sensitive financial information or personnel records; and
>
>   (iii) certain information provided to any governmental or regulatory agency which is exempt from public disclosure, including certain customer names and clinical studies.

  b. Any party may designate documents as Confidential Discovery Material but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure in accordance with paragraph 2(a) above, Florida and federal law. The certification shall be made concurrently with the designation and production of the documents in accordance with paragraph 3, below.

  c. Publicly issued or disseminated documents may not be designated Confidential Discovery Material. Documents given to the Producing Party by a third-

party may not be designated Confidential Discovery Material unless that third-party is a consultant, contractor, attorney retained by the producing party or other party with whom there is a confidential relationship and the documents otherwise meet the definition of Confidential Discovery Material. Where a retainer agreement or confidentiality agreement exists, such document shall be maintained in such a way to preserve it for *in camera* inspection by the Court upon motion of the non-producing party.

    d.    Designation of "Confidential Discovery Materials" by the terms of this Protective Order is meant to be consistent with Florida and federal law and is not meant to expand the scope of such law to include documents or information not otherwise protected as confidential under Florida law or federal statute.

3.    a.    The Producing Party shall designate Confidential Discovery Materials by marking them on the face of the writing:

**CONFIDENTIAL - SUBJECT TO STIPULATION AND ORDER OF CONFIDENTIALITY**

Such marking shall take place prior to the production by the Producing Party, or subsequent to the selection by the receiving party for copying but prior to the actual copying if done expeditiously. The marking shall be affixed in such a manner as not to obliterate or obscure any written matter. With respect to discovery materials produced electronically, the designation of Confidential may be made on the outside of the disk or cd.

    b.    The Producing Party may redact any trade secrets or other highly confidential research, development, commercial information or privacy-related information, including but not limited to, privacy-related information that is required to be redacted by law (such as 21 CFR 20.63), protected from disclosure under the Health

Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191 ("HIPAA") and information that – if disclosed – would result in irreparable harm to one of the named defendants or would result in a competitive advantage to a competitor of one of the named defendants. Any documents so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted. Any party who redacts such document or portion of such document – due to a trade secret or other highly confidential research, development, or commercial information –must provide a redaction log which identifies the bates number of the redacted document as well as the basis for the redaction (e.g. chemical formula). If the entire document is redacted, the redaction log must further identify each such document (hereafter "entirely redacted document") by providing its author, recipients (including cc's) and date. Information relating to the author or recipients shall include whether any or all of these authors and recipients were acting as a lawyer at or on the date of the entirely redacted document, and if any of the authors and recipients were not lawyers, the title and position of those persons on the date of the entirely redacted document shall be provided. The following need not be listed on the redaction log: (1) redactions performed by the FDA or some other third party or (2) redactions of privacy-related information that are required by federal law. If there is a dispute whether any redacted materials qualifies for redaction under this paragraph, counsel may move for a ruling, pursuant to the procedures set forth in paragraph 10. Any such ruling may require this Court's *in camera* inspection of a document on the issue of whether certain information is entitled to redaction.

  c.  In the event that the Producing Party inadvertently fails to designate Discovery Material as confidential in this Action, it may make such designation

16101666.1

subsequently by notifying all parties to whom such Discovery Material was produced, in writing as soon as practicable. After receipt of such notification, the parties to whom production has been made will treat the Discovery Material and all copies as having been designated as Confidential Discovery Material, subject to their right to challenge such designation in accordance with paragraph 10 below.

4. In the event that any question is asked at a deposition or other hearing which a party or non-party asserts calls for Confidential Discovery Material, such question shall nevertheless be answered by the witness fully and completely to the extent required by law. In the case of deposition or other hearing testimony, or any exhibit thereto, the transcript, video or exhibit may be designated as Confidential Discovery Material in accordance with this Protective Order by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within 14 days after the taking of the deposition. Once the transcript has been received by counsel making the designation, such counsel shall specify in writing within 14 days the testimony being designated confidential by page and line number(s) and the basis for the protection. Until the expiration of such 14-day period, the entire text of the deposition, including all testimony therein, shall be treated as confidential under this Protective Order. In the event there is a need to use a transcript on an expedited basis prior to the expiration of the 14-day period, the party requiring the transcript shall notify all parties of such need and a good faith effort shall be made to identify confidential material as quickly as possible. All assertions of the confidentiality of the contents of a deposition not made within the aforementioned 14-day period shall be waived, subject to paragraph 3(c) above. Any court reporter or transcriber who reports or transcribes testimony in this Action shall be informed before the beginning of the deposition or hearing about this Protective Order and shall be asked to take reasonable and appropriate steps to

preserve confidentiality.

5. The parties agree that Confidential Discovery Material, or any summary thereof, shall not be used by any person receiving such Confidential Discovery Material for any business or competitive purpose and shall be used solely for the purpose of this Action and for no other purpose without prior written approval from the Court or the prior written consent of the Producing Party. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

6. a. Confidential Discovery Material shall not be disclosed to anyone other than the following categories of persons:

(i) The Court (and any appellate court), including court personnel.

(ii) Court reporters (including persons operating video recording equipment at depositions) and person preparing transcripts of testimony to the extent necessary to prepare such transcripts, with the consent of counsel.

(iii) If produced by Plaintiff, Defendants' in-house counsel, in-house paralegals, and outside counsel who appear as counsel of record in this case, and the paralegals clerical, secretarial, and other staff employed or retained by such outside counsel. To the extent that Defendants do not have in-house counsel, each Defendant may designate two individuals employed by that Defendant (in addition to outside counsel) to receive Confidential Discovery Materials Produced by Plaintiff. This also includes employees of any Defendant on a need-to-know basis, including employees who are fact witnesses, who must assist in the preparation of the case or who are employed in a Defendants' legal department

and have responsibility for this Action, provided that such employees also comply with the provisions of Paragraph 9(b) hereof.

(iv) If produced by Defendants, Plaintiff's attorneys who appear as counsel of record in this case, including paralegals, clerical, secretarial and other staff employed or retained by such counsel.

(v) The persons who authored or contributed to the preparation of the Confidential Discovery Materials or who received the Confidential Discovery Materials in the ordinary course of business.

(vi) Retained consulting or testifying experts, advisors and consultants, including persons directly employed by such experts, advisors and consultants (collectively "experts") but only to the extent necessary to perform their work in connection with this Action.

(vii) Any additional persons as the undersigned counsel shall consent to in writing before the proposed disclosures.

b. All parties and their respective counsel, paralegals and employees and assistants of all counsel receiving Discovery Material shall take all steps reasonably necessary to prevent disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order.

c. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as this Court may deem appropriate, including without limitation, contempt, injunctive relief and damages.

7. No copies of any Confidential Discovery Material shall be made or delivered to

any person other than those categories of persons referred to in paragraph 6 above, and even then only in accordance with paragraphs 8 and 9 herein.

8. Confidential Discovery Material may only be disclosed to persons who are not included in those categories referred to in paragraph 6 above, upon prior written consent of the Producing Party's counsel. If the Producing Party's counsel refuses to give consent, the Confidential Discovery Material shall not be disclosed. The party requesting disclosure may apply to the Court for an order of relief, on notice to all parties.

9. a. Any person referred to in paragraphs 6(iii) through 6 (v) above who is furnished a copy of any Confidential Discovery Material shall first be given a copy of this Protective Order and required to read it and be bound by its terms.

b. Any person referred to in paragraphs 6(vi) and 6(vii) above who is to be furnished a copy of any Confidential Discovery Material shall first be given a copy of this Protective Order, shall read it and shall consent in writing to be bound by the terms, conditions and limitations of this Protective Order, including a certification that the person is not currently an employee, officer, or director of any competitor of any named defendant by executing the Confidentiality Agreement form annexed hereto as Exhibit "A". A copy of the executed Consent shall be maintained by counsel for the Disclosing Party throughout the duration of this Action. In the event that the person is not able to execute the Agreement attached at Exhibit "A", the party seeking to disclose the information shall alert the Producing Party having designated the material confidential of the situation. In no event shall the Confidential Materials be disclosed until there has been a complete execution of Exhibit "A", or a ruling by the Court after the Designating Party has had an opportunity to be heard.

c. A copy of the Confidentiality Agreement executed by any person referred to in paragraphs 6(vi) and (vii) above shall be maintained by counsel for the Disclosing Party throughout the duration of this Action and shall be furnished to counsel for the party producing the confidential material at least ten (10) days prior to the time that the person is scheduled to be deposed or to testify at any hearing or trial.

10. At any time during this Action, any party may challenge the designation of Discovery Material as confidential by written notice to the Producing Party's counsel specifying by exact bates number the materials in dispute and the precise nature of the dispute with regard to each document or other Discovery Material. The Producing Party who so designated the document shall have twenty (20) days from receipt of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the confidential designation. The Producing Party shall have the burden of proof on such a motion to establish good cause for the confidential designation and treatment.

11. No party shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is, in fact, confidential.

12. In the event a party seeks to file any pleading, brief or memorandum or other document purporting to reproduce, paraphrase or summarize any Confidential Discovery Material or portions thereof, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure and shall seek leave of court to file the document under seal in accordance with Local Rules of the United States District Court for the Northern District of Florida. If the Court grants permission to file the document under seal, the document shall be filed in sealed envelopes on which shall be endorsed the title of the action, an

indication of the nature of the contents, the word "CONFIDENTIAL" and a statement substantially in the following terms:

> **"CONFIDENTIAL.** Filed pursuant to Stipulation and Order of Confidentiality entered by this Court. Not to be opened nor the contents revealed except (1) to the Court and its staff as needed and then resealed, (2) by agreement of the parties, or (3) by prior order of this Court."

Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal.

13.  a.  In the event that a party intends to file Confidential Discovery Material with the Court in support of, or in opposition to, a non-discovery motion (e.g. motion for summary judgment or any other dispositive or substantive motion), the filing party shall take appropriate action to insure that the documents receive proper protection from public disclosure and shall seek leave of court to file the document under seal in accordance with the local rules.

b.  The non-discovery motion filing and briefing schedule shall be adjusted and tolled to provide sufficient time for the Court to consider and rule on the motion seeking permission to file the document(s) under seal.

c.  Once the matter has been resolved, the filing party may file the document(s) in accordance with the parties' agreement and/or the Court's instructions, as applicable.

14.  The Confidential Discovery Material and/or other papers which are filed under seal shall be kept under seal until further order of the Court; however, said Confidential Discovery Materials and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained

therein under the terms of this Protective Order.

15. The restrictions on dissemination of Confidential Discovery Material contained herein shall not apply to information which:

   a. Prior to disclosure hereunder was either in the possession or knowledge of any party or person who, absent this Protective Order, is under no restriction with respect to the dissemination of such confidential information.

   b. Is or becomes public knowledge due to circumstances that do not involve violation of the terms of this Protective Order.

   c. Is acquired from a third-party or source that lawfully possessed such material and that may lawfully disclose such material; provided, however, that any non-party who shall be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device shall be entitled to avail itself of the provisions and protections of this Protective Order; and if such election is made, such non-party shall be entitled to the protection granted hereby and shall assume the duties and obligations imposed thereby. All material designated by the non-party to be Confidential Discovery Material shall be treated in the same manner and fashion as any Confidential Discovery Material produced by the parties herein.

   d. Was lawfully obtained through discovery in this litigation or in any other litigation in which such information was not designated "confidential" or subject to a protective order or court order as "confidential" or subject to confidential treatment, or where there has been a final judgment declaring such information or documents are not confidential.

16. Nothing in this Protective Order shall preclude any party or its representatives

16101666.1

from inspecting, reviewing, using or disclosing its own Confidential Discovery Material in this litigation or in transactions or other matters unrelated to this Action.

17. Nothing shall prevent disclosure of Confidential Discovery Material beyond that required by this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

18. No disclosure pursuant to paragraph 15 hereof shall waive any rights or privileges of any party granted by this Protective Order. This Protective Order is intended to provide a mechanism for the handling of confidential information and documents for which there is no objection other than confidentiality. It is not intended to enlarge or affect the proper scope of discovery in this Action or any other litigation, nor shall this Protective Order imply that any Confidential Discovery Material is properly discoverable, relevant or admissible in this Action or any other litigation. Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth, or the application of this Protective Order in any particular circumstance, and each party specifically reserves all rights to object to the relevance or admissibility of any information produced in accordance with this Protective Order on any grounds it may deem appropriate.

19. If a party receiving Confidential Discovery Material in accordance with the terms of this Protective Order is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for the production of any Confidential Discovery Material produced by another party, the party to whom the subpoena or other process is directed shall, within two business days of its service, notify the opposing party

or parties of the pendency of such subpoena or order and provide the parties with a copy of the subpoena or process and the date by which compliance is requested. Any party opposing the production of the information demanded in the subpoena or process shall notify the party served of its objections as early as possible prior to the requested compliance date.

20. Inadvertent production of documents subject to the attorney client privilege, the work product privilege or other legal privilege or doctrine protecting information from discovery shall not constitute a waiver of the privilege or immunity, provided that the Producing Party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof shall be returned to the Producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during depositions or at any hearing or trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them; provided, however, the party returning the material then may move before the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. If such an order is granted, the documents may be used in any manner consistent with the Court's order, including at depositions or at any hearing or trial.

21. This Protective Order may be amended with leave of Court, by the agreement of counsel for the parties in the form of a stipulation submitted to the Court for approval, or by the Court *sua sponte* after affording the parties, and any affected non-party, the opportunity to be heard. If the parties cannot agree to an amendment, then a formal motion to amend must be filed with the Court. This Protective Order is intended to regulate the handling of Confidential

13
16101666.1

Discovery Material and documents during this litigation, but shall remain in full force and effect until modified, superseded or terminated on the record by agreement of the parties thereto or by order of the Court.

22. All counsel of record in this Action shall make a good faith effort to comply with the provisions of this Protective Order and to ensure that their agents, employees and clients do so as well. In the event of a change of counsel, retiring counsel shall notify new counsel of their responsibilities under this Order.

23. This Protective Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial, which is expected to be the subject of a further protective order and/or appropriate court orders. Prior to any hearing or trial at which the use of Confidential Discovery Material is anticipated, the parties shall meet and confer regarding the use of the Confidential Discovery Material. If the parties cannot agree, the parties shall request the Court to rule on such procedures. Notwithstanding, this Protective Order shall remain in full force and effect until modified, superseded, terminated on the record by agreement of the parties, or by order of the Court.

24. Within sixty (60) days after the conclusion of this Action, whether by judgment, settlement or otherwise, including conclusion of any appeal, all Confidential Discovery Material including but not limited to materials furnished to consultants and/or experts shall be returned to the Producing Party unless the parties stipulate to destruction in lieu of return; provided, however, that counsel of record in this case may retain for their files, copies of any of their work product, pleadings, court filings, brief, and exhibits, which incorporate or contain documents, information or material designated as "CONFIDENTIAL".

25. Upon final termination of this Action, whether by judgment, settlement or

16101666.1

otherwise, including all appeals, the Clerk of the Court shall return to counsel for the parties, or destroy, any materials filed under seal. Before destroying any document filed under seal, the Clerk of Court shall advise all parties of their option to accept return or destruction and shall allow no less than thirty (30) days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk of Court may destroy documents filed under seal.

STIPULATED TO AND CONSENTED TO BY:

| /s/ R. Jason Richards | /s/ Edward W. Gerecke |
|---|---|
| R. Jason Richards | Edward W. Gerecke |
| Florida Bar No. 18207 | Florida Bar No. 328332 |
| AYLSTOCK, WITKIN, KREIS & OVERHOLTZ | David J. Walz |
| | Florida Bar No. 697273 |
| 803 N. Palafox Street | CARLTON FIELDS, P.A. |
| Pensacola, FL 32501 | Post Office Box 3239 |
| Telephone: (850) 916-7450 | Tampa, Florida 33601 |
| Facsimile: (850) 916-7449 | 4221 West Boy Scout Blvd., Suite 1000 |
| Email: jrichards@awkolaw.com | Tampa, Florida 33607-5780 |
| Attorneys for Plaintiff | Telephone: (813) 223-7000 |
| | Facsimile: (813) 229-4133 |
| | E-Mail: egerecke@carltonfields.com |
| | dwalz@carltonfields.com |
| | Attorneys for Defendants |

IT IS SO ORDERED, this _____ day of _____, 2010.

_____
United States District Judge

15

16101666.1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDMOND DORIAND, as Personal
Representative of the Estate of
KATHLEEN DORIAND, deceased,

    Plaintiff,

vs.                                             CASE NO.: 1:09-cv-00078-MP-AK

CENTOCOR, INC. and
JOHNSON & JOHNSON,

    Defendants.
_____/

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I hereby attest to my understanding that the information or documents designated Confidential are provided to me subject to the Stipulation and Order of Confidentiality ("Protective Order") dated _____ in the above-captioned litigation, that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I attest that I am not currently an employee, consultant officer, or director of any competitor of any named defendant. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Protective Order and my certification, is a prerequisite to my review of any information or documents designated as Confidential pursuant to this Protective Order.

I further agree that I shall not disclose to others, except in accord with this Protective Order, any Confidential Discovery Material, as defined therein, or any information contained in such Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material and the information contained therein may be used only for the purposes

authorized by this Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Discovery Material and information will continue even after this litigation concludes.

I further agree that if I fail to abide by the terms of this Protective Order, I will be subject to the jurisdiction of the Courts of the State of Florida for the purposes of any proceedings relating to enforcement of this Protective Order, and I specifically agree to subject myself to the jurisdiction of the Courts of the State of Florida for this purpose.

Date:_____  By:_____
                                                      Signature

                                        _____
                                                  Printed Name